contract entered into between defendant and said Zeman. From a judgment for plaintiff for $336.80, defendant appeals.

For an abstract of the decision on a former appeal, see 194 Ill. App. 524.

EDWARD C. BERGLUND, for appellant.

MAX M. GROSSMAN, for appellee.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

## Abstract of the Decision.

1. FRAUDS, STATUTE OF, § 17*—*what is collateral promise.* The promise to pay the indebtedness of a subcontractor under a written contract between the contractor and owner is not an original but a collateral one, and is obnoxious to the Statute of Frauds.

2. FRAUDS, STATUTE OF—*when verdict should be directed for defendant.* In an action on an agreement.to pay indebtedness of a subcontractor under a written contract between the contractor and owner, where it appears from the plaintiff's proofs that the contract is of such a nature and consequently a collateral one within the Statute of Frauds, it is reversible error to deny a motion by defendant for a directed verdict in his favor.

---

Annie Lee Medcalf, Appellee, v. Chicago & Western Indiana Railroad Company, Appellant.

Gen. No. 23,754.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding. Heard in this court at the October term, 1917. Reversed with finding of fact. Opinion filed May 13, 1918. *Certiorari* denied by Supreme Court (making opinion final).

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

## Statement of the Case.

Action by Annie Lee Medcalf, plaintiff, against Chicago & Western Indiana Railroad Company, Chesapeake & Ohio Railway Company and the Belt Railway Company of Chicago, defendants, to recover for personal injuries due to being struck by a train of the Chesapeake & Ohio Railway Company running on the tracks of defendant Chicago & Western Indiana Railroad Company while she was walking upon the right of way to deliver a midnight lunch to the towerman of defendants. The Chesapeake & Ohio Railway Company and the Belt Railway Company of Chicago were dismissed out of the case at the trial. From a judgment against it for $15,000, defendant Chicago & Western Indiana Railroad Company appeals.

WORTH E. CAYLOR, for appellant.

ILES, O'CONNOR, EBERHARDT & KESLER and MORTON J. STEVENSON, for appellee; MORTON J. STEVENSON and EDWARD C. KESLER, of counsel.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

## Abstract of the Decision.

1. RAILROADS, § 516*—*what duty owed to licensee walking along tracks.* A railroad company owes no greater duty to a licensee walking along its tracks than not to wantonly or wilfully injure her and to use reasonable care to avoid injuring her after discovering her in peril.

2. RAILROADS, § 516*—*what is extent of duty arising from license to use tracks.* A license to use the tracks of a railroad company imposes no obligation to take precautions for the licensee's safety or to run trains in any respect different than they would be run if she were not there.

, *See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.